COLLOTON, Circuit Judge,
concurring in the judgment.
I would affirm the judgment of the district court on the ground that there was no “remaining term” of the collective bargaining agreement when Sara Lee made its decision to outsource transport drivers and allegedly changed subcontractors for transportation. Paragraph 5 of the Outsourcing Agreement provides that if Sara Lee makes a decision to outsource transportation drivers or mechanics, then it must “require any new subcontractor to accept the then current labor agreement for the remaining term of that agreement.” Assuming for the sake of analysis that Sara Lee subsequently changed subcontractors after making a decision to outsource, there was no “remaining term” of a then-current collective bargaining agreement that Sara Lee should have required a new subcontractor to accept.
The collective bargaining agreement between Sara Lee and Teamsters Local 289 ran from October 14, 2007 through and including October 9, 2010. Before the CBA expired, the parties signed an Extension Agreement in which they agreed to extend the CBA, “which was currently set to expire on October 9, 2010,” until 12:01 a.m. on December 31, 2010. The agreement also provided that items negotiated during the “extension period” would be incorporated into any new agreement between the parties and applied retroactively-
The better reading of the Extension Agreement is that an “extension period” took effect on October 10, 2010, after the original CBA expired, and lasted through December 31, 2010. Although the parties signed the Extension Agreement on September 26 and October 6, respectively, and stated that the CBA was “hereby extended,” the ordinary meaning of “extend” is to lengthen that which already exists. Therefore, the “extension period” took effect on October 10, 2010; the period between October 6 and October 9 was covered by the original agreement. Because the parties did not amend the original CBA, and the Extension Agreement does not provide that it supersedes the CBA itself, the extension did not replace the original term of the CBA.
As of October 10, 2010, the day the “extension period” began, the transport drivers were no longer bargaining unit employees of Sara Lee covered by the CBA. Sara Lee’s obligation under the Out *350 sourcing Agreement was to require any new subcontractor to accept the CBA for whatever period remained on the CBA when the drivers were outsourced. Because the CBA was set to expire October 9, 2010, there was no “remaining term” to the original CBA when the drivers were outsourced on October 10. Sara Lee thus did not violate the Outsourcing Agreement by failing to require a putative new subcontractor to accept the terms of the CBA for transport drivers who were not bargaining unit employees.
The terms of a new, fully integrated CBA signed in October 2011 bolster this conclusion. The new CBA does not cover the outsourced transport drivers. As the Extension Agreement anticipated, the new CBA was made retroactive to the initial expiration of the old CBA and was effective from October 10, 2010 through October 12, 2013. These effective dates confirm that under the old CBA, there was no remaining term that covered the outsourced transport drivers as of October 10, 2010.
For these reasons, I concur in the judgment.